UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOSLEY L. RUSSELL,

                Petitioner,                Case No. 1:08-CV-196

v.                                            Hon. Richard Alan Enslen

MICHIGAN DEPARTMENT
OF CORRECTIONS,

                Respondent.
_____/

## **FINAL ORDER**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to United States Magistrate Judge Ellen S. Carmody, who issued a Report and Recommendation ("Report") to deny the Petition. The matter presently is before the Court on Petitioner's objections to the Report.

This Court reviews *de novo* those portions of a Report to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

The Magistrate Judge concluded that the Michigan Department of Corrections violated neither the Due Process Clause nor the Ex Post Facto Clause. Petitioner raises a variety of reasons why the Sixth Circuit's *en banc* decision in *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994), which held that the Michigan parole system does not create a liberty interest in parole, was wrongly decided or is no longer controlling.

First, Petitioner argues that the decision was at odds with then existing Supreme Court precedent. Petitioner's argument is meritless and controlling Supreme Court precedent was properly analyzed by the Magistrate Judge.

Second, Petitioner argues that, because Michigan courts are the final arbiters of the extent of the Parole Board's discretion under Michigan law, the Magistrate Judge improperly construed Michigan law. As the Magistrate Judge indicated in the Report, however, the Michigan Supreme Court authoritatively has held that there exists no liberty interest in parole under the Michigan system. *See Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999).

Third, contrary to Petitioner's suggestion, the Supreme Court's decision in *Wilkinson v. Dotson*, 544 U.S. 74 (2005), did not hold that a Petitioner has a liberty interest in either parole or its procedures. Instead, the case stands for the proposition that civil rights challenges to parole procedures rather than results are cognizable in proceedings under 42 U.S.C. § 1983 and are not barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1984).

Fourth, Petitioner argues that the Supreme Court's decision in *Wilkinson v. Austin*, 545 U.S. 209 (2005), holding that an inmate had a liberty interest protected by the Due Process Clause in avoiding assignment to Ohio's supermax prison system, supports Petitioner's claim to a liberty interest in Michigan parole procedures. In *Wilkinson*, 545 U.S. at 223, the Supreme Court applied the threshold test for state-created liberty interests first set forth in *Sandin v. Connor*, 515 U.S. 472, 485 (1995): state-created liberty interests are limited to those restrictions that impose an atypical and significant hardship in relation to the ordinary incidents of prison life. Neither *Sandin* nor *Wilkinson* suggests that Petitioner has a liberty interest in parole.

Fifth, Petitioner argues that the revocation of his parole for a period of five years before the

first opportunity for review violates *Blakely v. Washington*, 542 U.S. 296 (2004), because the term of his sentence was increased by the findings of an administrative law judge of the Parole Board. Petitioner's argument is frivolous. Because neither a Michigan court nor the Michigan Parole Board can exceed the maximum sentence set by statute, Michigan's indeterminate sentencing scheme, unlike the determinate sentencing scheme at issue in *Blakely*, does not infringe on the province of the finder of fact and, thus, does not run afoul of *Blakely*. *See Blakely,* 542 U.S. at 304-05, 308-09; *Tironi v. Birkett*, 252 Fed. App. 724, 725 (6th Cir. 2007) (affirming district court's dismissal of prisoner's claim under *Blakely v. Washington* because it does not apply to Michigan's indeterminate sentencing scheme); *People v. Drohan,* 715 N.W.2d 778, 789-92 (Mich. 2006).

Finally, Petitioner objects to the Magistrate Judge's conclusion that his parole revocation and five-year denial of parole review violated the Ex Post Facto Clause. The Court carefully has considered Petitioner's arguments and finds no error in the reasoning of the Magistrate Judge. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Objections (Dkt. No. 11) are **DENIED**, the Report and Recommendation of the Magistrate Judge (Dkt. No. 10) is **ADOPTED**, and the Amended Petition for Writ of Habeas Corpus (Dkt. No. 7) is **DENIED** for failure to raise a meritorious federal claim.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** as to all grounds asserted.

DATED in Kalamazoo, MI:  /s/ Paul L. Maloney for
November 3, 2008  RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE